## McKAY v. PARKWOOD OWNERS, Inc.
### No. 8421.

United States Court of Appeals,
District of Columbia.

Argued Nov. 3, 1943.
Decided Dec. 20, 1943.

Mr. Thomas H. Patterson, of Washington, D. C., with whom Mr. Raymond S. Norris, of Washington, D. C., was on the brief, for appellant.

Mr. J. Wilmer Latimer, of Washington, D. C., with whom Messrs. Walter C. Clephane and Gilbert L. Hall, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

■ Appellant, who was plaintiff below, brought this action for damages caused by a fall when she entered a passenger elevator in a building owned and operated by the defendant. The record shows that the building contained twenty-six doctors' offices. A large number of sick and injured persons were accustomed to using the elevators. Two doctors in the building treated people afflicted with arthritis. Three offices specialized in treatment of persons with defective vision. Under these circumstances, ordinary care in the maintenance and operation of the building and its elevators required that it be kept reasonably safe for feeble and injured people.

■ Plaintiff testified that she had just recovered from a serious operation. She was leaving the building after a visit to her doctor. When she entered a waiting elevator she slipped and her feet flew out from under her. She landed on her back and had difficulty getting up because her hands slipped on the floor. She said to the operator, "You must have just waxed this elevator, didn't you?" He answered, "Yes, ma'am", and then helped her up. She examined the floor and stated that she could see that it had been freshly waxed. Other witnesses testified that when she arrived home there was a substance which looked like wax upon her clothes. One of the officers of the defendant company testified that it was their custom to wax the floors occasionally to keep them clean and that instructions had been given that the wax should be dry and hard. This witness admitted that otherwise the floor would be regarded as dangerous by the owners themselves. The injuries which plaintiff received from her fall were shown to be aggravated on account of the condition due to her operation.

At the conclusion of this testimony the court below directed a verdict for the defendant. This ruling was error. In a building occupied largely by doctors, ordinary care required unusual precautions to keep the elevator floors safe for infirm, sick and injured persons. There was sufficient evidence from which the jury could have found that the defendant failed to use such care.

The judgment of the court below is reversed and the case remanded for a new trial.

Reversed and remanded.